IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL ANTHONY AKINS d/b/a
ABC CONSTRUCTION COMPANY                                PLAINTIFF

v.                        No. 3:19-cv-226-DPM

S & R DEVELOPMENT, INC.; HIREN PATEL,
President; and LAMAR FOX, Site Supervisor              DEFENDANTS

ORDER

1. The Court has received the attached letters from Akins. They're in the nature of argument and need to be filed on the public docket. In his 23 January 2021 letter, Akins worries that there was *ex parte* communication from S & R's counsel to the Court. No. The letter Akins mentions informed the Court about supplemental authority, *Doc. 76*; everything in the letter was also in a brief, *Doc. 77*. Both were filed on the same day. While it's unclear whether S & R sent Akins a copy of the letter, it is clear that the company sent him the echoing brief.

2. S & R's motion to amend the scheduling order, *Doc. 53*, and Akins's motion for leave to file a response, *Doc. 64*, are granted. The proposed deadline changes, *Doc. 53*, are adopted *nunc pro tunc*.

3. Akins's motions for leave to amend/correct his response, *Doc. 86*, and motion to file a sur-reply, *Doc. 87*, are granted. The Court will consider these arguments in deciding the motion to dismiss.

4. Akins's motion for a jury trial, *Doc. 60*, and motion for the Court to liberally construe his pleadings, *Doc. 82*, are denied as moot. The Court is aware of Akins's *pro se* status and commends him on his self-representation to date. And this case is scheduled for a jury trial in April if one is needed.

5. S & R has requested oral argument on the pending motion to dismiss. *Doc. 84*. This opposed request is denied. The motion is well argued in the parties' papers. No hearing is needed.

6. Akins's motion for copies, *Doc. 79*, is granted in part and denied in part. The Court's recusal list is available for review in the Clerk's Offices in Jonesboro and Little Rock and will not be mailed. I know of no reason that prevents me from presiding over this case. The Court directs the Clerk to send Mr. Akins a copy of the docket sheet.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

4 February 2021

MICHAEL ANTHONY AKINS
Post Office Box 293
Turrell, Arkansas 72384
870-394-6967

January 23, 2021

Honorable D. P. Marshall, Jr.
United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Rm B149
Little Rock, Arkansas 72201

RE:   Akins v. S &R Development, Inc. et. al.
      Case # 3:19-CV-00226

Mr. D.P. Marshall, Jr. Chief District Court Judge:

I am aware of the appearance of an ex parte communication letter written from the opposing side's attorney, John Phillips Parsons (Arkansas Bar # 2008073). Although I am not a member of the Bar, it is my understanding that writing a letter directly to you, that has no indication that the same letter was mailed to me has an appearance of impropriety.

It is my understanding that, "As an integral part of the lawyer's duty to prevent conflict of interests, the lawyer must strive to avoid not only professional impropriety, but also the **appearance** of impropriety. The duty to avoid the appearance of impropriety is not a mere phrase. It is part of the foundation upon which are built the rules that guide lawyers in their moral and ethical conduct. This obligation should be considered in any instance where a violation of the Rules of Professional Conduct is at issue.

Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. The object of an ex parte proceeding is nevertheless to yield a substantially just result. Nevertheless, it is definitely clear that Attorney Parsons' objective is to gain a favorable ruling on the behalf of his clients, which goes beyond zeal and has a fragrant appearance of impropriety.

I am not seeking any disciplinary action against Attorney Parsons for writing to you directly in an attempt to persuade this court to rule in his favor. Plaintiff believes that the integrity of this court has not been compromised in any way.  This letter is intended to serve as an

acknowledgement of the January 22, 2021 letter that Defendabts' counsel sent to the court, as I, not being an attorney, find, somewhat, to be unusual.

I am submitting my response to the letter legal arguments made in the letter in a pleading that I will file with the clerk of the court.

I am not looking for a response from this court. Thank you for taking the time out of Your Honors' busy schedule to read this letter.


Sincerely,

*Michael Akins*

Michael Akins


CC:    John P. Parsons, Esquire
          2001 Bryan Street, Suite 3050
          Dallas, Texas 75201

MICHAEL ANTHONY AKINS
Post Office Box 293
Turrell, Arkansas 72384
870-394-6967

January 27, 2021

Honorable D. P. Marshall, Jr.
United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Rm B149
Little Rock, Arkansas 72201

RE:   Akins v. S &R Development, Inc. et. al.
      Case # 3:19-CV-00226

Honorable D.P. Marshall, Jr.:

I am opposed to oral arguments in regards to Defendants' Motion to Dismiss as it is unnecessary. Defendants made a request for oral arguments without stating the necessity of such arguments. The parties have best argued their positions on paper for a more positive record. Oral arguments, when not necessary, can prejudice a *pro se* litigant with no experience in arguing issues before the court in comparison to a well trained lawyer with years of experience. Being that the arguments are in writing and the court would not need the parties to verbally explain their positions. It is not common practice of the court to conduct oral arguments involving a non-complex motion to dismiss. Plaintiff stands on his written argument as it is already placed in the record. Defendants' motion to dismiss isn't a complex matter where oral arguments are needed to further explain their position. If they are uncomfortable with the possible success of their written argument is not a reason to request oral arguments.

Sincerely,

*Michael Akins*

Michael Akins


CC:   John P. Parsons, Esquire
      2001 Bryan Street, Suite 3050
      Dallas, Texas 75201