IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL ANTHONY AKINS d/b/a
ABC CONSTRUCTION COMPANY                                    PLAINTIFF

v.                          No. 3:19-cv-226-DPM

S & R DEVELOPMENT, INC.;  HIREN PATEL,
President;  and LAMAR FOX, Site Supervisor           DEFENDANTS

ORDER

The parties have a dispute about work on a construction project. The defendants move to dismiss Akins's amended complaint, saying the applicable Arkansas statutes of limitation expired before he filed his case. The Court takes the pleaded facts as true, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), and the parties mostly agree on the limitations-relevant facts anyway. Akins did not attach the document he says is the parties' contract, or the termination letter, to the amended complaint. But, these documents are embraced by his pleading – because Akins's amended complaint discusses the parties' deal and falling out, resting his claims on those events. *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). The Court has considered all the parties' arguments about limitations but only the amended complaint and these two documents, *Doc. 45 at 19–20*, in deciding the motion to dismiss.

In July 2014, S & R hired Akins to complete the drywall work for a Hampton Inn that the company was building in Marion, Arkansas. Both parties signed an agreement, which provided for installment payments as the work was completed. The total was $75,000. After Akins completed some work, and was paid some, S & R sent him a letter ending their arrangement. The letter was sent on 14 August 2014. S & R directed Akins not to return to the jobsite. Akins got the letter the next day, on 15 August 2014. He stopped work. Akins filed this suit on 15 August 2019, five years after he got the letter. He pleads a variety of claims, saying he wasn't paid for all the work he did and was wrongly denied the opportunity to complete the job.

S & R responds that all of Akins's claims are untimely. Because this Court is exercising its diversity jurisdiction, Arkansas law controls. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). A three-year limitations period governs Akins's promissory estoppel, detrimental reliance, and tort claims. ARK. CODE ANN. § 16-56-105. And a five-year period applies to his breach-of-contract claim. ARK. CODE ANN. § 16-56-111. The Court must strictly construe these statutes, resolving reasonable doubts in favor of allowing Akins's complaint to stand. *Dunlap v. McCarty*, 284 Ark. 5, 7, 678 S.W.2d 361, 363 (1984).

Saying that 14 August 2014 (the date of the termination letter) is the date both statutes began to run, S & R argues that Akins's tort, promissory estoppel, and detrimental reliance claims fall well outside

the three-year period. S & R also argues that Akins missed the five-year period for his contract action by one day. Akins strongly disagrees. He contends he timely filed suit five years to the day that he received notice of the breach. He argues, in the alternative, that equity should prevent such a harsh result.

There is no question that Akins's claims governed by the three-year statute are barred. *Crutchfield v. Tyson Foods, Inc.*, 2017 Ark. App. 121, at 5, 514 S.W.3d 499, 502–03. His promissory estoppel, detrimental reliance, and tort claims were asserted too late as a matter of law.

What about Akins's claim for breach of contract? The dispute here is about when the five-year clock started ticking: on the date the breach occurred, or the date Akins discovered it? The Court concludes that Akins's breach claim accrued the day before Akins learned that S & R had kicked him off the job.

Arkansas law provides that, absent any fraudulent concealment, a cause of action for a breach of contract accrues—and the statute of limitations begins to run—the moment the right to commence an action comes into existence, not when the cause of action is discovered. *Dupree v. Twin City Bank*, 300 Ark. 188, 191, 777 S.W.2d 856, 858 (1989). A breach "occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached." *Shelter Mutual Insurance Co. v. Nash*, 357 Ark. 581, 587–88, 184 S.W.3d 425, 428 (2004). "Statements of repudiation in a letter mailed . . . to a . . . person

- 3 -

having a right under a contract which if made orally would be a breach of contract constitute a breach as of the time when and the place where the letter . . . is dispatched." RESTATEMENT (FIRST) OF CONTRACTS § 321 (1932); *see also* 23 RICHARD A. LORD, WILLISTON ON CONTRACTS § 63:56 (4th ed. 1993 & Supp. 2020).

This record provides no reason to doubt when the breach of contract Akins alleges occurred: 14 August 2014, when S & R sent him the letter ending the parties' business relationship. *E.g.*, *Crutchfield*, 2017 Ark. App. at 5, 514 S.W.3d at 502–03. S & R told Akins he was "released from doing any further work on the [Hampton Inn]." *Doc. 45 at 20*. S & R stated that Akins was in breach of the parties' agreement because he wasn't paying his workers, didn't have insurance, and used subcontractors without giving S & R notice. The company said it would charge Akins for cleaning up debris, deducting the cost from any money owed to him. S & R also informed him that it had hired someone else to repair and finish the drywall work and, if Akins or his employees returned to the jobsite, they would be escorted off. *Ibid.* These are unequivocal words. All this, from Akins's perspective, was a breach of the parties' agreement. It was a firm repudiation of S & R's obligation to perform further. Akins's right to sue on the contract accrued on 14 August 2014. *Nash*, 357 Ark. at 587–88, 184 S.W.3d at 428; *Crutchfield*, 2017 Ark. App. 121, at 5, 514 S.W.3d at 502–03. His suit five years and a day later was therefore untimely. That is the harsh

conclusion required by the settled Arkansas law of limitations, which applies the occurrence rule rather than the discovery rule. E.g., *Chapman v. Alexander*, 307 Ark. 87, 88, 817 S.W.2d 425, 426 (1991).

Because the record shows that Akins's claims are untimely, he can salvage them only with proof that the limitation periods were tolled. *Hutcherson v. Rutledge*, 2017 Ark. 359, at 4, 533 S.W.3d 77, 80. Akins says that S & R fraudulently concealed its torts and breach. He reasons that, had S & R wanted the August 14th date to control, the company should have hand delivered the termination letter or contacted him that day. First, Akins's argument would not save his tort claims, which were asserted two years too late. Second, as to his contract claim, Akins's reasoning is flawed. His argument assumes that S & R knew he would wait exactly five years to file suit and, therefore, mailed the letter rather than hand-delivering it to create a time bar. Using the mail was not fraudulent concealment. *Meadors v. Still*, 344 Ark. 307, 312, 40 S.W.3d 294, 298 (2001).

\*   \*   \*

S & R's Motion to Dismiss, *Doc. 45*, is granted. All of Akins's claims are dismissed with prejudice as untimely. The remaining motions, *Doc. 54, 56, 58, 68 & 73*, are denied as moot.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 February 2021